IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| DANA STEPHENSON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 12-2413 |
| | : | |
| NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK"), | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                   **OCTOBER 17, 2012**

Presently pending before the Court is Defendant National Railroad Passenger Corporation's ("AMTRAK") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (a), the Opposition to Defendant's Motion to Transfer Venue by Plaintiff Dana Stephenson ("Stephenson"), and AMTRAK's Reply Brief in Further Support of Motion for Transfer of Venue. For the reasons set forth below, AMTRAK's Motion is granted, and the case shall be transferred to the United States District Court for the Eastern District of Virginia.

**I.   BACKGROUND**

Stephenson filed this action asserting claims against AMTRAK under the Federal Employer Liability Act (FELA), 45 U.S.C. §§ 51-60, alleging that he was assaulted by his supervisor while working on April 13, 2011.[1] (Compl. ¶¶ 2, 11.) AMTRAK has filed a Motion to transfer this action to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).

---

[1] This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Stephenson's claim arises under federal law.

## II. LEGAL STANDARDS

FELA contains a choice-of-venue provision which provides that actions arising under FELA may be brought in any district in which (1) the defendant resides; (2) the cause of action arose; or (3) the defendant conducts business at the time the action is brought. 45 U.S.C. § 56. FELA's choice-of-venue provision "demands some additional consideration for a plaintiff's choice of forum." Jungman v. CSX Transp., Inc., No 10-4590, 2011 WL 144937, at *2 (E.D. Pa. Jan. 18, 2011); Dynka v. Norfolk S. Ry. Corp., No. 09-4854, 2010 WL 2490683, at *2 (E.D. Pa. June 15, 2010) (FELA's choice of venue provision gives a substantial right to the plaintiff to choose the forum which should be treated with strong deference); Monington v. CSC Transp., Inc., No. 10-4591, 2010 WL 4751716, at *2 (E.D. Pa. Nov. 22, 2010) ("Plaintiff's choice of forum may be given some additional consideration in the context of FELA claims."); but see Colandrea v. Nat'l R.R. Passenger Corp., No. 99-2793, 2000 WL 186105, at *3 (E.D. Pa. Jan. 28, 2000) ("Plaintiff's contention that his choice of forum is entitled to special consideration because his action is brought under the FELA . . . is subject to doubt."). Notably, "the presence of the choice-of-venue clause in the FELA does not preclude a Section 1404(a) transfer." Dynka, 2010 WL 2490683, at *3 (citing Ex-parte Collet, 337 U.S. 55, 60 (1949)). Thus, "while FELA's venue provision may trigger special consideration, it does not preclude transfer under § 1404(a)." Jungman, 2011 WL 144937, at *2.

AMTRAK seeks transfer of this action pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court's Section 1404(a) analysis must be done on an individualized case-

by-case basis. Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995). In considering a motion to transfer under § 1404(a), courts do not limit their consideration to the three factors enumerated in the statute, but instead "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Id. When determining whether to transfer a case pursuant to Section 1404(a), courts in the Third Circuit apply the public and private interest factors delineated in Jumara v. State Farm Ins. Co., 55 F.3d 873. See Jungman, 2011 WL 144937, at *1.

Courts consider the following private interests: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records, again, only to the extent that they may not be available in one of the fora. Jumara, 55 F.3d at 879. Courts consider the following public interests: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law in diversity cases. Id. at 879-80.

The burden is on the moving party to show that "all relevant things considered, the case would be better off transferred to another district." In re United States, 273 F.3d 380, 388 (3d Cir. 2001) (internal quotations omitted); see also Jumara, 55 F.3d at 879. "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." Shutte v. Armco Steel Corp.,

431 F.2d 22, 25 (3d Cir. 1970) (citation omitted). A defendant must show that the balance of the public and private factors "tips decidedly in favor of trial in the foreign forum" and if "when added together, the relevant private and public interest factors are in equipoise, or even if they lean only slightly toward dismissal, the motion to dismiss must be denied." Lacey v. Cessna Aircraft Co., 932 F.2d 170, 180 (3d Cir. 1991).

III.   DISCUSSION

AMTRAK does business in this district; therefore, venue is proper in this district under FELA. See 45 U.S.C. § 56. It is undisputed that Stephenson could have brought this action in the Eastern District of Virginia. See id. Consequently, the Court's sole task is to determine, by balancing the private and public interest factors, whether a transfer of this action is in the interest of justice and convenient for the parties as required under Section 1404(a). We find that transfer is appropriate in this case under Section 1404(a) pursuant to the Jumara factors.

Stephenson's choice of forum is here in the Eastern District of Pennsylvania; whereas AMTRAK's preferred forum is the Eastern District of Virginia. Stephenson resides in Alexandria, Virginia, which is in the Eastern District of Virginia. (Compl. ¶ 1.) Consequently, the Eastern District of Virginia is a convenient location for Stephenson. The alleged incident at issue occurred at an AMTRAK facility in Ivy City, Washington, D.C. (Pl.'s Resp. Def.'s Mot. to Transfer ¶ 5.) Ivy City, Washington, DC, is located within 15 miles of the Eastern District of Virginia.[2] Stephenson concedes that the location of the event weighs in favor of transfer. (Pl.'s

---

[2] A Court may take judicial notice of geography. See Boyce v. Motor Lines, Inc., v. United States, 342 U.S. 337, 344 (1952); see also Dynka v. Norfolk S. Ry. Corp., No. 09-4854, 2010 WL 2490693, at *1 n.2 (E.D. Pa. June 15, 2010). The distances written in this Memorandum Opinion are driving distances calculated using Google Maps (http://maps.google.com last accessed Oct. 12, 2012). Train travel time between the Eastern Districts of Virginia and Pennsylvania ranges from 1.5 to 2.0 hours in each direction. (See www.amtrak.com last accessed Oct. 12,

4

Mem. Law in Support Pl.'s Resp. Def.'s Mot. to Transfer at 2.)

In its motion, with supporting affidavits which are uncontorverted, AMTRAK explains that all of the seven likely employee fact witnesses who have been identified by AMTRAK either work at its facility in Ivy City, Washington, DC, or work in Washington, DC.[3] (Def.'s Mot. to Transfer ¶ 15; Exs. B (Davis-Reed Decl.), C ("Moore Decl.")) Stephenson admits that all of the known employee fact witnesses work and reside within 25 miles of the Eastern District of Virginia, and, at least, 125 miles away from the Eastern District of Pennsylvania. (Pl.'s Opp'n to Def.'s Mot. to Transfer ¶ 15.) Stephenson also admits that the incident location, witnesses, documentation and evidence are located at least 125 miles away from the Eastern District of Pennsylvania. (Id. ¶ 8.) In addition to Virginia being the most convenient location for any possible witnesses, Stephenson received medical treatment for his alleged injuries in the Eastern District of Virginia in Hampton, Virginia. (Id. ¶ 9.) Consequently, Stephenson's medical provider is also located in the Eastern District of Virginia.

The practical considerations that make the trial easy, expeditious or inexpensive heavily favor transfer to Virginia.[4] As pointed out by AMTRAK, conducting this case in the Eastern District of Virginia makes more sense than in the Eastern District of Pennsylvania because of its

---

2012.) AMTRAK estimates that train travel time to transport the employee factual witnesses from their work location to the Eastern District of Virginia is 15 to 20 minutes. (See Davis-Reed Decl. ¶ 15.)

[3] Stephenson has not filed an affidavit controverting the allegations made by AMTRAK relying upon the affidavits of Paris Davis-Reed ("Davis-Reed Decl."), the Manager of Claims/Litigation for AMTRAK assigned to the subject action, and John Moore ("Moore Decl."), Acting Superintendent for AMTRAK, who oversees its Ivy City facility in Washington, DC.

[4] The public interest factors of the enforceability of judgment, the relative administrative difficulty in the two fora resulting from court congestion, the public policies of the fora, and the familiarity of the trial judge with applicable state law are all neutral.

close proximity to the scene of the incident and all of the pertinent witnesses, both factual and medical. Indeed, if the trial was conducted in Philadelphia, the witnesses would incur unnecessary travel time and possible expense. Also, transferring the lawsuit from Pennsylvania to Virginia is less expensive and less disruptive to the conducting of daily business by AMTRAK (i.e., substitute workers, etc.), as well as the lives of the witness.[5] It is also a more convenient and inexpensive location for Stephenson given the fact that he is a resident of the Eastern District of Virginia.

Additionally, the Court notes that in the Eastern District of Virginia, this case will be decided by a jury from the community in which Stephenson resides and in close proximity to the location of the alleged incident and alleged injuries. Even though AMTRAK does business here, the residents of Virginia have a much stronger interest in adjudicating workplace safety claims at a job site in Ivy City, Washington, DC, than residents of this District. All relevant things considered, there is no meaningful connection between this case and the Eastern District of Pennsylvania. While this lawsuit does not have any meaningful connection to this District, it does, however, have a significant connection to the Eastern District of Virginia.

Stephenson relies heavily on the contention that his choice of forum is entitled to special consideration due to the fact that his action is brought under FELA. However, even affording Stephenson the presumption that there is an especially high burden in a FELA case, the Court finds that AMTRAK has satisfied its burden by showing that the balance of the public and private factors tips decidedly in favor of trial in the Eastern District of Virginia. See Lacey, 932

---

[5] One relevant fact witness, Shawn T. Vance (Locomotive Superintendent), is on long term sick leave. (Davis-Reed Decl. ¶ 16.)

F.2d at 180; see also Jungman, 2011 WL 144937, at *3 (stating that "[c]ourts in this District have previously recognized the significance of FELA's venue provision, although they remain divided as to whether FELA requires heightened deference to a plaintiff's choice of forum" and concluding that "[t]hough Jungman's choice of forum may warrant special consideration under FELA, his choice of forum alone does not outweigh the many factors that favor transfer to the Middle District of Tennessee"); Dynka, 2010 WL 2490683, at *2 ("[T]he strong deference given to Mr. Dynka's choice of forum [under FELA] is outweighed by the substantial burden which would be placed on witnesses if this case was to proceed here in the Eastern District."); Monington, 2010 WL 4751716, at *4 (deciding that transfer was proper under 28 U.S.C. ¶ 1404(a) because analysis of private and public factors outweighed plaintiff's preferred forum of choice under FELA); Dominy, 2006 WL 573801, at *5 (same). The Eastern District of Virginia has a strong connection to the case given the facts and location of the alleged incident and potential witnesses; whereas this District does not. While Stephenson's attorney is located in Philadelphia, this is not a factor that should be heavily weighed. See Dominy, 2006 WL 573801, at *4 ("Dominy's lawyer is also located in Philadelphia, but this should not be a heavily weighed factor in consideration.") (citing Whigham v. CSX Transp., Inc., No. 04-4518, 2005 WL 441356, at *1 (E.D. Pa. 2005)); Kline v. Consolidated Rail Corp., 461 F. Supp. 326, 327-28 (E.D. Pa. 1978) (transferring FELA case to Western District of Pennsylvania where all witnesses and plaintiff resided, although plaintiff chose the Eastern District of Pennsylvania where his attorney was located).

Weighing all of the private and public Jumara factors, and Stephenson's preferred choice of venue, we conclude that transfer is appropriate in this case. Convenience of the parties and

7

witnesses, the fact that the alleged injuries were incurred close to the Eastern District of Virginia, and the public interest outweigh Stephenson's preference for the Eastern District of Pennsylvania.  Therefore, AMTRAK's Motion to Transfer Venue Pursuant to 28 U.S.C. ¶ 1404(a) is granted.

    An appropriate Order follows.